**FILED**
January 25, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WAYNE BEDFORD, § | |
| TDCJ No. 02099841, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-21-CV-0157-OLG |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Wayne Bedford's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and memorandum in support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 14) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

The facts of Petitioner's case were accurately summarized by the Texas Fourth Court of Appeals on direct appeal:

> On August 23, 2013, [Petitioner] entered WB Liquors and stole a bottle of Hennessey liquor. An employee confronted [Petitioner] and asked him if he was going to pay for the item. [Petitioner] said no, pulled up his shirt to show a wooden-grip revolver handgun located in his waistband, and told the employee to "get away from here right now." [Petitioner] then fled the scene in a white Taurus SE, but not before the employee got the vehicle's license plate number.

> Using the vehicle registration information, San Antonio police officers identified [Petitioner] as a suspect. They showed [Petitioner]'s parole officer images from the store's surveillance video. The parole officer identified [Petitioner] and provided the officers with [Petitioner]'s last known address: [Petitioner]'s parents' house. The officers saw [Petitioner]'s car at the residence.
>
> Officers obtained an arrest warrant for [Petitioner] and a search warrant for the residence. From the search, including items [Petitioner]'s sister voluntarily provided to the officers, the officers recovered clothes matching the clothes described by the complaining witness, an empty Hennessey liquor bottle, and a revolver handgun with a wooden grip. [Petitioner] was indicted on one count of first-degree aggravated robbery.

*Bedford v. State*, No. 04-19-00195-CR, 2019 WL 5765743 (Tex. App.—San Antonio, Nov. 6, 2019, pet. ref'd); (ECF No. 12-2 at 2).

In August 2014, a Bexar County jury convicted Petitioner of aggravated robbery, an offense that was enhanced to a first-degree felony because of Petitioner's two prior felony convictions. *State v. Bedford*, No. 2013CR10884 (437th Dist. Ct., Bexar Cnty., Tex. Aug. 28, 2014); (ECF Nos. 11-15 at 73, 12-11 at 9-10). Prior to the sentencing proceedings, however, Petitioner was found incompetent to stand trial and was committed to a state hospital to receive treatment for a psychotic disorder. (ECF No. 11-9). Following several commitment hearings, Petitioner's competence was eventually found to be restored in September 2016. (ECF No. 12-28). Petitioner's sentencing proceeding was then held in November 2016, and the trial court sentenced Petitioner to twenty-five years of imprisonment. (ECF Nos. 12-11 at 9-10, 12-20 at 34-35).

The Texas Fourth Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion on direct appeal. *Bedford v. State*, 2019 WL 5765743; (ECF No. 12-2). The Texas Court of Criminal Appeals then refused his petition for discretionary review on January 29, 2020. *Bedford v. State*, No. 1217-19 (Tex. Crim. App.); (ECF No. 12-1). A few months later, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court

2

conviction, but the Texas Court of Criminal Appeals denied the application without written order on November 25, 2020, based on the findings of the trial court. *Ex parte Bedford*, No. 88,901-03 (Tex. Crim. App.); (ECF Nos. 13-16, 13-20).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on January 26, 2021. (ECF No. 1). In the petition and supplemental memorandum filed with it, Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his direct appeal and state habeas proceedings: (1) his trial counsel at the guilt/innocence phase rendered ineffective assistance by failing to request a competency evaluation, (2) trial counsel rendered ineffective assistance by failing to object to the admission of evidence obtained from an unlawful search of his parent's residence, and (3) the trial court erred in denying his motion to suppress evidence obtained from the illegal search and seizure. In his answer, Respondent relies exclusively on the state court's adjudication of these allegations and argues federal habeas relief is precluded under the AEDPA's deferential standard. (ECF No. 10).[1]

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

---

[1] Respondent's brief was largely unhelpful in that it provided no independent analysis of the issues before the Court. Instead, Respondent provided a lengthy rehash of the well-known standard of review, block quoted the relevant findings of the state habeas trial court, and simply concluded, in one sentence, that Petitioner "failed to demonstrate that the decision of the state court was objectively unreasonable."

3

proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

**A.     Trial Counsel's Representation (Claims 1, 2)**

Petitioner's first two claims for relief allege he was denied the right to effective assistance of counsel by his trial counsel's failure to (1) request a competency evaluation, thus allowing him to be tried while incompetent, and (2) object to the admission of evidence. Both allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.     The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

5

proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

2. <u>Counsel's Failure to Request a Competency Evaluation (Claim 1)</u>

It is well established that an incompetent person cannot lawfully be put on trial. *Thomas v. Lumpkin*, 995 F.3d 432, 451 (5th Cir. 2021) (citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). The Supreme Court has explained that the two-part test for competence is (1) whether a defendant has "a rational as well as factual understanding of the proceedings against him;" and (2) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). "[E]vidence of a defendant's irrational behavior, his

6

demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required." *Drope*, 420 U.S. at 180; *United States v. Flores-Martinez*, 677 F.3d 699, 706-07 (5th Cir. 2012).

Petitioner contends that he was denied effective assistance by his trial counsel's failure to request a competency evaluation prior to the guilt/innocence phase of trial. Petitioner claims that, before going to trial, he told his attorney, Shannon Locke, about his past mental health issues, and that he heard voices in his head and believed that there was a conspiracy to convict him. Petitioner also claims that his mother informed Mr. Locke of Petitioner's mental health issues, that Petitioner received a social security check for his disability, and that Petitioner's middle school psychologist diagnosed him with having mental health problems. Despite these warnings, Petitioner argues, Mr. Locke refused to seek a competency determination and allowed his client to be tried while incompetent. According to Petitioner, this is proven by the fact that he was found incompetent to stand trial for the punishment phase less than a year later after the guilt/innocence phase when his new counsel, Ross Rodriguez, suspected mental health issues and sought to have Petitioner evaluated.

Petitioner raised this exact allegation during his state habeas proceedings. In response, Mr. Locke submitted an affidavit stating that, throughout his representation, Petitioner "demonstrated a present ability to consult with me with a reasonable degree of rational understanding or had a rational as well as factual understanding of the proceedings against [him]." (ECF No. 13-17 at 4). After explaining his recollection of the events, Mr. Locke concluded:

> [Petitioner] never mentioned to me that he did not trust me or that he was the victim of a conspiracy. I was probably aware of his past mental illnesses as the result of multiple conversations with his mother and father. However, his mental illnesses did not interfere with [Petitioner]'s ability to assist me at trial. Had I been aware of his belief that he was the victim of a conspiracy I would have filed a motion to have [Petitioner] evaluated. If he told me that he believed that I was

7

>involved in such a conspiracy I would have filed a motion to withdraw. There was no reason I would not file these motions, except that [Petitioner] was convinced he would not be found guilty and wanted his trial as soon as possible.

*Id.* at 6.

The state habeas trial court found trial counsel's affidavit to be truthful and credible and concluded that, because there was no evidence that Petitioner exhibited signs of incompetency prior to or during the guilt/innocence phase, Petitioner failed to prove that Mr. Locke was ineffective under the *Strickland* standard. (ECF No. 13-21 at 87-96). These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application. (ECF No. 13-16). These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on Mr. Locke's investigation and performance was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. *Strickland* requires counsel to undertake a reasonable investigation, particularly where a defendant has a history of mental illness. 466 U.S. at 690-91; *Bouchillon v. Collins*, 907 F.2d 589, 597 (5th Cir. 1990). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. This Court is also prohibited from evaluating defense counsel's choices through the "distorting lens of hindsight." *Id.* at 689.

In this case, Mr. Locke concedes that he was probably made aware of Petitioner's past mental health issues as a result of his investigation, which included multiple conversations with Petitioner's mother and father. Despite this past, Mr. Locke did not seek to have Petitioner evaluated because Petitioner demonstrated a rational and factual understanding of the proceedings against him and an ability to consult with counsel within a reasonable degree of rational understanding. According to Mr. Locke, Petitioner was aware of the seriousness of the charges being brought against him, listened to counsel's advice, and was able to assist him at trial. Similarly, Petitioner never mentioned a belief that he was the victim of a conspiracy or that he did not trust Mr. Locke, but instead exhibited a desire to go to trial "as soon as possible."

Furthermore, even assuming Petitioner suffered from mental health issues at the time he was represented by Mr. Locke, such issues do not necessarily raise an objective doubt as to his competency. *See Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014) (finding a defendant "can be both mentally ill and competent to stand trial"). Indeed, "the presence or absence of mental illness or brain disorder is not dispositive" as to competency. *United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (citing *Mata v. Johnson*, 210 F.3d 324, 329 n.2 (5th Cir. 2000)); *see also Walton v. Angelone*, 321 F.3d 442, 460 (4th Cir. 2003) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (citation omitted).

As explained by Mr. Locke's affidavit—which was adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals—Petitioner's mental illness did not interfere with Petitioner's understanding of the proceedings or his ability to assist in his defense. Petitioner has provided no evidence to the contrary, much less demonstrated that the state court's ruling on trial counsel's investigation and performance "was so lacking in justification that there was an

9

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, viewing this allegation under the "doubly" deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim. Federal habeas corpus relief is therefore denied.

3. <u>Counsel's Failure to Object (Claim 2)</u>

Prior to the guilt/innocence phase of trial, Petitioner's trial counsel, Shannon Locke, unsuccessfully sought to suppress items that were recovered at the residence of Petitioner's parents, arguing that the police lacked probable cause to conduct the search because the search warrant was based on a single, conclusory affidavit. (ECF No. 12-17 at 14-16). Later, when the evidence was introduced during the State's case-in-chief, Mr. Locke stated that he had "no objection" to the admission of the evidence. *Id.* at 74. Petitioner contends that Mr. Locke's failure to object to the admission of this evidence constitutes ineffective assistance of counsel because he waived Petitioner's right to later challenge the admission of the evidence on direct appeal.

Petitioner has not demonstrated that Mr. Locke's failure to object constitutes ineffective assistance under the *Strickland* standard. Despite the lack of an objection from counsel, Petitioner challenged the trial court's denial of his motion to suppress on direct appeal, again arguing that the search warrant lacked probable cause. The Texas Fourth Court of Appeals rejected Petitioner's argument on the merits, finding that Petitioner lacked standing to challenge the admission of the items recovered from his parents' house because he did not demonstrate a legitimate expectation of privacy in his parents' house. *Bedford v. State*, 2019 WL 5765743; (ECF No. 12-2). While the appellate court did note that Mr. Locke's failure to object to the admission of the evidence at trial technically constituted a waiver of any right to raise the matter on appeal, it did so as an alternative

holding in a single footnote at the end of its opinion. The court did not rely on the waiver to adjudicate Petitioner's appeal, but rather addressed the merits of Petitioner's challenge and found that he lacked standing to suppress the items.

Thus, even if Petitioner could establish that Mr. Locke's failure to object at trial constituted deficient performance in this case, he still fails to demonstrate that the alleged error was prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner fails to do so, as the court of appeals ultimately affirmed, on the merits, the trial court's denial of his motion to suppress. Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to relief on his IATC claim.

## B.     The Fourth Amendment Claim (Claim 3)

In his final claim for relief, Petitioner contends that the state trial court erred in denying his motion to suppress evidence seized pursuant to the search warrant. According to Petitioner, the search of his parent's residence violated his rights under the Fourth Amendment because the search warrant was based on a conclusory affidavit and did not establish probable cause. Because he has not raised a cognizable federal constitutional issue, however, Petitioner fails to demonstrate the state court's rejection of the claim was contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner's allegation does not raise a cognizable federal constitutional issue because it challenges the state trial court's failure to suppress evidence obtained in an allegedly illegal search. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (barring federal habeas relief on Fourth Amendment

11

allegations). Under *Stone*, if the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief may not be granted to a state prisoner on that claim. *Id.* Indeed, if the State provides the necessary processes to raise a Fourth Amendment claim, *Stone* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Shislnday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. Indeed, Petitioner's Fourth Amendment claims were litigated at the trial level at a suppression hearing and again during his direct appeal proceedings. He makes no argument that his opportunity in the state courts to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way, nor has he alleged "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Consequently, his Fourth Amendment allegation is barred from federal habeas review.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district

court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during either his direct appeal or state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Wayne Bedford's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**IT IS SO ORDERED.**

**SIGNED** this 25th day of January, 2022.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE